## TERRENCE M'GIRR *against* GEORGE AARON.

A gift to a charity shall not fail for the want of a trustee, but vest as soon as the charity has acquired a capacity to take.

T. B. in his last will made the following devise—"I give and bequeath all my real estate, to wit, &c. to a Roman Catholic priest that shall succeed me in this said place, to be entailed to him and to his successors, in trust, and for the use herein mentioned, in succession, forever, &c. &c. and further, it is my will, that the priest for the time being, shall transmit the land so left him as aforesaid, to his successor, clear of all incumbrances as aforesaid," &c. Held that the devise was for the maintenance of a priest, but in ease of the congregation, and for its benefit alone. And the congregation is entitled to take the profits in the first instance, but subject to a right in the priest, to have them applied to his support.

This was an ejectment originally brought, in the court of common pleas of Westmoreland county, and removed by *habeas corpus*

(Terrence M'Girr *v.* George Aaron.)

*cum causa,* to the circuit court of the same county, where it was tried before *Huston,* Justice.

The plaintiff, an inducted Roman Catholic priest, on the trial of the cause, claimed the premises in controversy, two tracts of land in Westmoreland county, as answering the description of the devisee under the will of the Rev. *Theodorus Browers,* dated the 23th October, 1790, and duly proved in the register's office.

The only part of the will which is material to an understanding of the case is as follows:

Item, I give and bequeath all my real estate, viz: my place on which I now live, called "Sportsman's Hall," and one other tract of land on Loyalhanna creek, called "O'Neal's Victory," with their appurtenances, to a Roman Catholic priest, that shall succeed me in this said place, to be entailed to him and to his successors, in trust, and so left by him who shall succeed me, to his successors, and so in trust, for the use herein mentioned, in succession, forever; and that the said priest, for the time being, shall strictly and faithfully say four masses each and every year, forever, viz: one for the soul of the Rev. Thodorus Browers, on the day of his death, in each and every year, forever, and three others the following days in each year as aforesaid, at the request of the Rev. Theodorus Browers; and further, it is my will, that the priest, for the time being, shall transmit the land so left him in trust as aforesaid, to his successor, clear of all incumbrances as aforesaid, and I nominate, constitute and appoint Christian Reffner, and Henry Coons, executors to this my last will and testament, this twenty-fourth day of October, in the year of our Lord, one thousand seven hundred and ninety.

After the death of the testator, the congregation, (under the impression that a devise to an officiating priest, and his successors, not being a corporation sole, was against the policy of the law, and void, as tending to a perpetuity, and therefore the legal title would escheat to the commonwealth,) applied to the legislature to make a provision, by which the intention of the testator should be carried into effect, which produced the act of the 7th March 1821, vesting the title in several trustees of the congregation, and their successors; who leased the same to *George Aaron,* who is the defendant in this suit. In the circuit court, according to the opinion of the judge who tried the cause, the jury found a verdict for the defendant.

The plaintiff, by his attorneys, *Alexander W. Foster, John B. Alexander, Joseph H. Kuhns,* and *James Nichols,* Esquires, moved the court for a new trial, for the following reasons:

1st. The court, on the trial of the said cause, erred in directing the jury, that the Rev. *Terrence M'Girr,* the plaintiff in said cause, (admitted and proved to be the successor of the Rev. *Theodorus Browers,* in the pastoral office,) was not entitled to the possession of the tract of land in dispute, called "O Neal's Victory," under the

(Terrence M'Girr *v.* George Aaron.)

will of the said *Theodorus Browers*, and of the act of assembly of the 7th of March, 1821.

2d. The court, on the trial of the said cause, erred in directing the jury, that the devise, in the last will and testament of the Rev. *Theodorus Browers*, of the two tracts of land, called "Sportsman's Hall," and "O Neal's Victory," was intended for the benefit of the congregation, and that the trustees of the congregation, appointed under the act of assembly of the 7th of March, 1821, were entitled to retain the possession, against the successor of the Rev. *Theodorus Browers*.

3d. The court, on the trial of the said cause, erred in directing the jury, that the plaintiff, the Rev. *Terrence M'Girr*, though admitted and proved to be the successor of the Rev. *Theodorus Browers*, in the pastoral office, was not entitled to recover in ejectment *against* the lessee of the trustees of the congregation, appointed under the act of the 7th of March, 1821, the tract of land called "O Neal's Victory."

Which motion was overruled by the court, and the plaintiff appealed from the decision.

*Nichols, Foster* and *Alexander* for appellants.

*Coulter* for appellee, whom the court declined to hear.

The opinion of the court was delivered by

GIBSON, C. J,—The plaintiff, an inducted Roman Catholic priest, claims the premises, as answering the description of the devisee in the will of the Rev. Mr. *Browers.* The defendant holds under a lease from trustees appointed by a private act of assembly, to execute the trusts of the will, before the congregation had obtained its charter of incorporation. Neither party doubts the right of the plaintiff to have the profits applied to his maintenance; and the contest is, consequently, about the right to the immediate management of the estate. Were the devise interpreted strictly according to the meaning of the words, it would be impossible to carry the intention of the testator into effect, for want of trustees to perpetuate the application of his bounty to the successive objects of it. A devise to an officiating priest and his successors, not being a corporation sole, is against the policy of the law, and void, as tending to a perpetuity; and this was the reason, I presume, why the legal title, which it was supposed had escheated to the commonwealth, was vested in trustees for the uses declared in the will. But we are to interpret this devise as if the legislature had not interfered; and we can prevent it from failing of effect for want of a trustee, only by holding, in accordance with what, notwithstanding the literal meaning of the words, was undoubtedly the actual intent, that the devise was for the maintenance of a priest, *but in ease of the congregation;* and consequently for its benefit alone. Now, although the congregation was not incorporated at the death of Mr. *Browers,*

(Terrence M'Girr *v.* George Aaron.)

yet by the decisions of the court, a gift to a charity shall not fail for the want of a trustee, but vest as soon as the charity has acquired a capacity to take. But before the congregation had acquired that capacity, the legislature had vested the title in trustees, under whom the defendant claims. It is unnecessary to inquire into the consequences of this act, as the legislature interfered no farther than to vest in those trustees whatever might have escheated to the commonwealth, without at all meaning to alter the trusts in the will. But there was in fact no escheat, the gift being sustainable on principles defined in former decisions of this court; and consequently there was nothing on which the act could operate. That matter being disposed of, it follows that the congregation, either as having itself the legal title, or as standing in the relation of *cestui que trust,* to the lessors of the defendant, is entitled to take the profits in the first instance, but subject to a right in the plaintiff to have them applied to his support; and the exceptions to the verdict, therefore, are not sustained.

Judgment affirmed.